| DARLEEN JACOBS LEVY, | * | NO. 2020-C-0459 |
| DARLEEN M. JACOBS, A | | |
| PROFESSIONAL LAW | * | COURT OF APPEAL |
| CORPORATION, HOME | | |
| FINDERS INTERNATIONAL, | * | FOURTH CIRCUIT |
| INC. AND FIRST CHOICE | | |
| RESTORATION, LLC | * | STATE OF LOUISIANA |
| | | |
| VERSUS | * | |
| | | |
| HARD ROCK | * | |
| CONSTRUCTION OF | * * * * * * * | |
| LOUISIANA, LLC | | |

*DLD*

**DYSART, J., CONCURS WITH REASONS**

I concur with the majority's opinion, but write separately to expound on one of the issues raised by the Relator.

Relator requested this Court to reverse the ruling on its Motion for Summary Judgment relative to whether business entities may recover damages for mental anguish and emotional distress. The majority denies the request. However, I feel a further comment is warranted.

The majority relies on the fact that the business entity plaintiffs have not claimed damages for any mental anguish or emotional distress in the three petitions filed to date. However, I note that in answers to interrogatories and in deposition testimony, Ms. Levy, as the sole member of each of the business entities, has stated that she seeks those damages on behalf of the business entities.

As corporate representative of Home Finders International, Ms. Levy was asked: "Is Home Finders International making a claim for loss of business opportunities in this lawsuit?" She responded: "I'm sure that they did have loss of business, what I told you. … For a monetary amount, no, but that's all part of the aggravation and not being able to conduct their business."

Similarly, with regard to First Choice Restoration, the following colloquy ensued:

Q. Is First Choice Restoration making a claim for lost business income?
A. No.
Q. Lost business opportunity?
A. Yeah, I think yes.
Q. Is that an element of the mental anguish and aggravation?
A. Absolutely. Yeah.

In Interrogatories propounded to Ms. Levy's law corporation, the following question was asked, "[P]lease list all damages that Darleen Jacobs Levy, A Professional Law Corporation sustained as a result of the telephone and/or fax line problems that are at issue in this litigation." Ms. Levy responded as one item of damage: "Emotional stress and strain, aggravation and mental anguish due to not being able to communicate."

Despite the fact that those elements of damage are not specifically listed in the petitions, it is clear to this writer that Ms. Levy seeks damages for the three business entities of which she is a sole member/partner, for mental anguish and emotional distress.

Jurisprudence holds that business entities cannot recover such damages. Thus, I concur to make that point clear.